[No. 9556.   Department Two. — March 25, 1887.]

EDWARD F. PALMER, RESPONDENT, v. M. S. GALVIN, APPELLANT.

POINT SAN JOSE MILITARY RESERVATION — LAND INCLUDED IN — CONVEYANCE OF BY CITY AND COUNTY OF SAN FRANCISCO — ACT OF JULY 1, 1870 — JUDICIAL NOTICE. — The action was brought to recover the possession of a lot of land in the city and county of San Francisco, which originally was part of the Point San José Military Reservation, but which had been

granted to the city and county by the act of Congress of July 1, 1870, in trust, for the purpose of conveying the same to certain persons mentioned in the act as beneficiaries. The plaintiff, claiming to be the beneficiary entitled to the land in question, had received a deed therefor from the city and county, and had entered into and held possession of the same until within five years prior to the commencement of the action, when he was ousted by the defendant. The court found that the land had been originally included within the reservation. *Held*, that in the absence of evidence to the contrary, the Supreme Court would not take judicial notice that the land was not so included.

Id. — RIGHT OF BENEFICIARY — INTRUDER CANNOT QUESTION. — *Held further*, that the defendant, being a mere intruder upon the possession of the plaintiff, and having no claim to the title of the city and county, could not be permitted to show that the plaintiff was not a beneficiary under the act, or that the city and county had no right to convey to him.

APPEAL from a judgment of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*M. G. Cobb*, and *A. C. Searle*, for Appellant.

*Thomas C. Huxley*, for Respondent.

BELCHER, C. C. — This is an action of ejectment to recover possession of a fifty-vara lot lying at the southwest corner of Beach and Hyde Streets, in the city and county of San Francisco.

The plaintiff claimed to be the owner of the lot, and to establish his title, proved at the trial the following facts: —

On the 6th of November, 1850, the President of the United States made an order exempting and reserving from sale, for public purposes, certain lands situate on the peninsula of San Francisco at Point San José, or Black Point.

On the 31st of December, 1851, this order was modified by the President so as to embrace as Point San José· only the following-described tract, viz.: "The promontory of Point San José within boundaries of not less than eight hundred yards from its northern extremity."

On the 1st of July, 1870, an act of Congress was approved entitled " An act to relinquish the interest of the United States in certain lands to the city and county of San Francisco." By this act a portion of the " Point San José Military Reservation " was granted to the city and county for the following uses and purposes: —

" 1. To maintain all streets and alleys as now laid out upon the official map of the city of San Francisco; 2. And then in trust to grant and convey the remainder of said lands to the parties severally who are, at the date of the passage of this act, in the actual *bona fide* possession thereof by themselves or their tenants, and in such parcels as the same are so held and possessed by them, or who, if they have not such possesson, were deprived thereof by the United States military authorities when they went into the occupancy of the said military reservation, or were deprived thereof by intruders or trespassers against whom possession may be recovered by legal process."

The plaintiff claimed to be one of the beneficiaries provided for in the act, and thereafter, in pursuance of its provision, a deed of the lot in question, dated December 24, 1870, and duly executed, was made and delivered to him by the city and county.

The plaintiff then went into possession of the lot, and remained in possession of it until within five years before the commencement of the action, when the defendant entered.

The defendant by his answer denied all the allegations of the complaint, and pleaded the statute of limitations, but at the trial introduced no testimony bearing upon the issues presented.

The court found all the facts and rendered its judgment in favor of plaintiff. The defendent then moved for a new trial, and now prosecutes this appeal from the judgment and order denying his motion.

Only two points are made by the appellant here. They

are: 1. That the lot in question was not a part of the Point San José Military Reservation, and so was not granted to the city by the act of Congress; and 2. If it was, the plaintiff was not a beneficiary provided for in the act, and so the deed from the city did not convey to him any title.

As to the first point, it is enough to say that the court found that the lot was within the boundaries and a part of the Military Reservation, and that it so remained until the passage of the act of Congress of July 1, 1870, whereby it was relinquished and granted to the city. There was direct and positive testimony in support of this finding, and in the absence of all contradictory evidence, we do not see how this court can take judicial notice that the facts proved were not true.

The second point is met by the decisions of this court. In *Le Roy* v. *Cunningham*, 44 Cal. 600, it was held that a person who is not entitled to a conveyance from the city, cannot raise the question whether the city of San Francisco made the conveyance of a portion of the "Point San José Military Reservation" to the person who was entitled to it under the act of Congress of July 1, 1870. In that case, as in this, the defendant was an intruder upon the plaintiff's possession, and the court at page 669 said: "The defendant having intruded upon the actual possession of the plaintiff, the possession which he thus acquired was *mala fide*, as between themselves and in the sense of the statute. He was therefore not entitled to a conveyance of the fee, and is not in a position to inquire whether it was rightfully conveyed to the plaintiff. That was a question for the board of supervisors, in which the defendant had no concern, inasmuch as he was not entitled to the conveyance." In *Naglee* v. *Palmer*, 50 Cal. 642, it was held that one who was not a beneficiary under the act of Congress of July 1, 1870, cannot question the right of the city to convey land, under the provisions of the act, to another. And in *Mc-*

*Creery* v. *Sawyer*, 52 Cal. 257, it was decided that if a city holds the title to lands within its limits as a trustee for the parties in possession of the same, and the proper authorities of the city convey the land, one who has no claim to it himself cannot raise the question whether the grantee was a beneficiary and entitled as such to the conveyance, and that in an action of ejectment by the grantee the deed is conclusive evidence in his favor, as against one who has no claim to the title of the city.

These cases are decisive of the point in controversy, and the judgment and order should therefore be affirmed.

SEARLS, C., and FOOTE, C., concurred.

. The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.