[No. 7976]

## BOLTON v. BENNETT.

1. EJECTMENT—*Complaint*—A complaint in ejectment alleging owner-ship in fee and the wrongful detainer of the lands, is sufficient, though it omits the allegation of ouster. (Mills' Code sec. 267, Rev. Code sec. 286.)

2. EVIDENCE—*Presumptions*—Town site entered under the act of congress. The mayor executed a deed of a lot in the townsite to a person of the same name. The presumption is that the officer performed his duty.

An entry in pencil is found in the tax list, describing a lot not men-tioned in the assessment roll. No increase in the valuation, or tax, or other change from what appeared in the assessment roll being made. It will not be presumed that the entry in pencil was made by the treasurer, as a listing and valuation, pursuant to Rev. Stat. sec. 5700.

3. TOWNSITE—*Entered Under Act of Congress—Mayor's Deed*, to himself, conveying a lot in the townsite is voidable and not void. It is impeachable, for the reason assigned, only in a direct proceeding, by a beneficiary in the trust.

4. TAXATION—*Necessity for Assessment*—An assessment of property is indispensable to the validity of a tax levied thereon.

5. ——*Alteration of Tax List—Pencil Interlineation*—The tax list as originally prepared described "E 25 feet of Lot 8," in a certain block. There appeared, in pencil, next before the figure "8" in this description, the characters "7 &". There was no increase, in the tax list, of the valuation set down in the assessment roll. Every entry in ink in the tax list agreed with the assessment roll. The court declined to accept the pencil insertion in the tax list as a listing and valuation by the treasurer under Rev. Stat. sec. 5700.

6. TAX TITLES—*Void Deed*—A treasurer's deed assuming to convey lands, a part of which it appears were never assessed is void.

*Error to Saguache District Court.*—Hon. CHARLES C. HOLBROOK, Judge.

Mr. ALBERT L. MOSES, for plaintiff in error.

Messrs. PALMER & TRUE, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The action involves the ownership and right to the possession of the east twenty-five feet of lots 7 and 8, block R of the town of Bonanza, in Saguache county. In the fall of 1904, Bolton, plaintiff in error, defendant below, moved into a vacant house on this property. On April 14th, 1911, Bennett, defendant in error here, plaintiff below, served Bolton with notice to vacate. Bolton thereupon examined the title of the property and found that Bennett had purchased it of his father in 1908, who acquired title thereto in 1901. This search also disclosed what purported to be an outstanding tax sale certificate for taxes of 1892, which Bolton purchased. A tax deed for the property, based on such certificate, was duly executed and delivered to him on September 6th, 1911. Thus fortified, Bolton refused to surrender possession.

The amended complaint alleges ownership in fee and right of possession in plaintiff, and wrongful detainer by defendant. A general demurrer was interposed, overruled, and defendant answered by a general denial, and also set up superior title in himself through the tax deed.

To establish his title plaintiff introduced, among others, a deed of the property from the corporate authorities of the town of Bonanza, signed ''J. M. Hewes, Mayor,'' to J. M. Hewes, remote grantor of plaintiff. The court excluded testimony offered to impeach this instrument. Defendant offered his tax deed in evidence to establish superior title in himself, as alleged. The jury found the plaintiff to be the owner of the property in fee and entitled to its possession, judgment was duly entered thereon, and defendant prosecutes this writ of error.

We will first consider the alleged error predicated upon the overruling of the demurrer to the complaint, the contention being that it was obnoxious to demurrer because of failure to allege therein ouster by the defendant.

Section 267, Mills' Ann. Code, expressly provides, among other things, that in an action of this sort the complaint shall state "that the defendant wrongfully ousted the plaintiff, or wrongfully withholds the premises from him, or both, as the facts may be." The complaint alleged ownership in fee in plaintiff, and under the code the additional allegation of wrongful detainer was sufficient. The demurrer was properly overruled.

The land was originally entered as a townsite pursuant to an act of congress, and patented to one Joseph McAfee, as mayor of the town of Bonanza City, in trust for the several use and benefit of the inhabitants of that town. J. M. Hewes, mayor, deeded the property in question to J. M. Hewes. The defendant contends that prejudicial error was committed in excluding testimony tending to show that J. M. Hewes, mayor, holding the property in trust, and J. M. Hewes, grantee named in the transfer, are one and the same person. This was an attempt at collateral attack pure and simple. The deed is regular on its face. The presumption obtains that the officer empowered by law to make conveyance did his duty in all respects. If all that is claimed in this respect be true, it would render the deed voidable merely, and it could then only be impeached in a direct proceedings brought for that purpose. *Anderson et al v. Bartels,* 7 Colo. 256; *Chever v. Horner,* 11 Colo. 68. Moreover, defendant was not a beneficiary under the trust lodged in the corporate authorities, and therefore cannot in this action question the plaintiff's title on the ground of the alleged irregularity. *Murray v. Hobson,* 10 Colo. 68; *Palmer v. Galvin,* 72 Cal. 183.

The remaining question involves the validity of the defendant's tax deed. The assessment roll of Saguache county for 1892, respecting the property in question, shows the following:

ASSESSMENT ROLL OF SAGUACHE COUNTY.

| Description | Sec. or Lot | Town or Block | Value of Land | Value of Improvements |
|---|---|---|---|---|
| Bonanza East 25 ft | 8 | R | 20 | 50 |

And the entry in the tax list for that year is as follows:

| TAX LIST. | LANDS. | | | |
|---|---|---|---|---|
| Description | Sec. or Lot | Town or Block | Value of Land | Value of Improvements |
| Bonanza E 25 ft  7& | 8 | R | 20 | 50 |

The figures "7 &" were inserted in lead pencil under the heading "Description." The valuation remains the same in the tax list as in the assessment roll. Counsel says that the addition of these figures in the tax list is immaterial unless it be shown that such addition had been made after the tax roll had been completed by the assessor, and advances the theory that the assessor discovered and corrected the omission before the delivery of the tax list to the treasurer. But it is very plain the assessor did not make the insertion, as the assessment roll itself negatives the proposition that the east 25 feet of lot 7 was ever listed, valued and assessed by him. The ink entries in the list made by the county clerk from the assessor's roll correspond in all respects therewith. It is fair to presume, in this state of facts, that the pencil insertion occurred after the list reached the treasurer's hands. When the county treasurer, after the tax list is committed to him, ascertains that any real or personal property is omitted from the tax list, he shall forthwith proceed to list, value and assess the same and enter such assessment in his tax book. Sec. 5700, R. S. 1908. It would be an unwarranted and dangerous innovation to say, under the facts shown in this case, that the mere

insertion in pencil of the figures "7 &" in the tax list, which is a public record, constitute a listing, valuation and assessment of property as required by law. There is not only an absence of anything to show that the east 25 feet of lot 7 was assessed, but an affirmative showing that it was not. "To assess," under our revenue statutes, means to make an official estimate of value for taxation purposes. *People ex rel Hallett v. County Commissioners,* 27 Colo. 86, 59 Pac. 733. And an assessment is primary and indispensable. *Crawford v. Lothrop,* 3 Colo. 428; Cooley on Taxation, 3rd ed., p. 911. The east 25 feet of lot 7 was never assessed at all. It was never valued. The valuation placed upon the east 25 feet of lot 8, as found in the assessment roll, was not changed after the pencil insertion of "7 &." Thus the presumption attaching to a tax deed, making it *prima facie* evidence that the property had been listed and assessed at the time and in the manner required by law, is overcome. Since there was no assessment whatever of a part of the land sold and described in the tax deed, the sale is void *in toto,* and the tax deed a nullity. Blackwell on Tax Titles, 5th ed., §§ 518-519.

It is unnecessary to discuss other matters urged. The judgment is right, and is affirmed.

*Judgment affirmed.*

Chief Justice Musser and Mr. Justice White concur.