## No. 9,641.

### NORTHERN COLORADO IRRIGATION CO. v. BURLINGTON DITCH, RESERVOIR AND LAND CO., ET AL.

Decided November 5, 1923.

Action to have part of an irrigation appropriation declared abandoned. Judgment for plaintiffs.

### *Affirmed.*

1. WATER RIGHTS—*Abandonment.* In an action to have declared abandoned part of an irrigation appropriation, the record showing that the amount claimed over 600 cubic feet was available, that it was not used, that the ditch would not carry it, and that the appropriator did not act upon the theory that it could be delivered, all for a period of approximately 30 years, raised a strong presumption of abandonment which the trial court was justified in finding was not rebutted by the claims and demands alleged to have been made by the plaintiff in error.

*Error to the District Court of the City and County of Denver, Hon. John H. Denison, Judge.*

Mr. DELPH E. CARPENTER, Mr. PAUL M. CLARK, for plaintiff in error.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, Mr. JOHN P. AKOLT, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

IN an irrigation adjudication proceeding in the district court of Douglas county in water district No. 8 a decree entered in the latter part of 1884 awarded to the High Line Canal, priority No. 111 for 1184 cubic feet per second as of January 18, 1879. The High Line Canal was owned by plaintiff in error and this action was brought by defendant in error to have all said priority in excess of 500 cubic feet adjudged abandoned. The trial court found that all of said priority in excess of 600 cubic feet had been abandoned

prior to the bringing of the action and entered judgment accordingly. To review that judgment this writ is prosecuted.

We have given to this case an incalculable amount of time and the most careful consideration, but it can and should be disposed of in a very brief statement. The controlling legal principles have been repeatedly laid down by this court and there is no material disagreement between counsel concerning them. The overruling of a demurrer and the admission of certain evidence are assigned as error but the points are (very properly, we think) not argued. The real questions in dispute are questions of fact and to them the other assignments and the entire arguments are directed. Their determination was for the trial court.

The cause below occupied more than three weeks and there are 1042 printed pages of the abstract of record. We think it clearly shows that more than 600 cubic feet of water was available, that it was not used, that the ditch would not carry it, and that plaintiff in error did not act upon the theory that it could be delivered, all for a period of approximately thirty years. Whether these facts were conclusive on the question of abandonment need not be determined. To say the least they raised a very strong presumption thereof, which the trial court was fully justified in finding was not rebutted by the claims and demands which plaintiff in error says it made from time to time.

The judgment is accordingly affirmed.

MR. JUSTICE CAMPBELL dissents.