No. 12,151.

SOUTH BOULDER CANON DITCH COMPANY *v.* DAVIDSON
DITCH AND RESERVOIR COMPANY ET AL.
(288 Pac. 177)

Decided May 12, 1930.

Mr. F. S. LUETHI, for plaintiff in error.

Mr. EDWARD AFFOLTER, Mr. O. A. JOHNSON, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

IN June, 1882, the district court in a water adjudication in Water District No. 6 decreed to the predecessor of the plaintiff in error priority 21 for 26.37 cubic feet of water per second of time as of 1870 and priority 24 for 192 second feet as of 1871 from South Boulder Creek

and other streams in said district. The defendants in error, junior appropriators on the stream, brought this suit in the district court against plaintiff in error seeking a decree enjoining the use by the plaintiff in error of all except 66 second feet of its decreed water on the ground that the remainder had been abandoned. The lower court found and decreed "that for a period of about forty years subsequent to the awarding of the said priorities, all water in excess of sixty-six (66) cubic feet of water per second of time of the said priorities was totally disused by the said defendant corporation and its predecessors in title and interest" and granted the requested injunction. This writ is now prosecuted to review this judgment.

The trial in the lower court was extensive and exhaustive, consuming eleven days and occasioning a voluminous record here. Notwithstanding this, we believe that the solution of the controversy is simple.

Two questions are here presented: (1) Is evidence of nonuse for a long period of years sufficient to establish abandonment? (2) Is the evidence sufficient to support the decree?

■ 1. Abandonment must be proven by evidence of nonuse and intention to abandon. Intention may be shown either expressly or by implication. The fact that a decreed appropriator of water has failed to use the same for a period of forty years evidences an intention to abandon. While evidence of nonuse for a period of forty years may not be conclusive of abandonment, a prima facie case thereof is so shown. In *Sieber v. Frink,* 7 Colo. 148, 154, 2 Pac. 901, it is held: "A failure to use for a time is competent evidence on the question of abandonment; and if such nonuse be continued for an unreasonable period, it may fairly create a presumption of intention to abandon; but this presumption is not conclusive, and may be overcome by other satisfactory proofs."

Counsel cite various Colorado cases in an effort to show that the rule hereinabove quoted has been abro-

gated or modified and that mere nonuse even for a long period of years is insufficient to constitute abandonment. While an examination of the cited cases discloses that in addition to mere nonuse, there was other evidence of intention to abandon, still this court has neither directly nor indirectly repudiated or modified the rule announced in the Sieber case, supra. The decision in the case of *Northern Colo. Irr. Co. v. Burlington Co.,* 74 Colo. 159, 219 Pac. 1071, is equally applicable to and controlling of the facts herein. Therein at page 160 the court said: "We think it clearly shows that more than 600 cubic feet of water was available, that it was not used, that the ditch would not carry it, and that plaintiff in error did not act upon the theory that it could be delivered, all for a period of approximately thirty years. Whether these facts were conclusive on the question of abandonment need not be determined. To say the least, they raised a very strong presumption thereof, which the trial court was fully justified in finding was not rebutted by the claims and demands which plaintiff in error says it made from time to time." Also in 27 R. C. L., p. 1283, par. 193, we find this statement: "Ordinarily, a failure to use water is evidence of an intention to abandon; and if continued for an unreasonable period it creates a presumption of an intention to abandon. This presumption is, however, not conclusive, and may be overcome by other sufficient proof."

While the record in this case undoubtedly discloses evidence of intention to abandon other than that imputed by nonuse over a long period of years, still we have no hesitancy in ruling that evidence of nonuse of water for a period of forty years in itself is sufficient to prove a prima facie case of abandonment.

2. It is urged that the evidence is insufficient to support the decree. It would serve no useful purpose here to summarize the evidence disclosed by the record. It suffices to say that, from a painstaking examination thereof, we are satisfied that there was ample, clear and

convincing evidence to support the decree. It is true that the evidence was conflicting, but its determination was for the trial court.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.