No. 13,093.

COMMONWEALTH IRRIGATION COMPANY *v.* RIO GRANDE
CANAL WATER USERS ASSOCIATION ET AL.
(45 P. [2d] 622)

Decided April 8, 1935. Rehearing denied April 29, 1935.

Mr. RALPH L. CARR, Mr. J. H. THOMAS, for plaintiff in error.

Mr. GEORGE M. CORLETT, Mr. CLAUDE W. CORLETT, Mr. CHARLES R. CORLETT, Mr. F. B. GOUDY, Mr. EDWARD L. WOOD, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

IN a suit wherein the Rio Grande Canal Water Users Association, the Monte Vista Water Users Association, the San Luis Valley Irrigation District and the San Luis Valley Canal Company were the plaintiffs, and the Commonwealth Irrigation Company, owner of the Empire canal (later known as the Commonwealth canal) was the defendant, the district court found and adjudged that of the 666.98 cubic feet of water per second of time theretofore decreed to the Empire canal all in excess of 512 cubic feet per second of time (i. e., 154.98) had been abandoned; and the court restrained and enjoined the Com-

monwealth company from claiming, demanding, using or diverting through that canal or otherwise any water from the direct flow of the Rio Grande river in excess of 512 feet per second of time out of the decrees and priorities theretofore awarded the Empire canal. We shall refer to the defendants in error as the plaintiffs, and to the plaintiff in error as the defendant.

The defendant complains that the court erred in decreeing any abandonment, whereas the plaintiffs complain that the court erred in not decreeing an abandonment of all water rights in excess of 400 cubic feet per second of time.

██ Abandonment of a water appropriation "consists in nonuse, coupled with an intention of the owner not to repossess himself of the use of the water." *Arnold v. Roup,* 61 Colo. 316, 157 Pac. 206. The question of abandonment is one of intention. Nonuse alone is not sufficient. *White v. Nuckolls,* 49 Colo. 170, 112 Pac. 329. But where by clear and convincing evidence it is shown that for an unreasonable time available water has not been used, an intention to abandon may be inferred in the absence of proof of some fact or condition excusing such nonuse. *Green Valley Ditch Co. v. Frantz,* 54 Colo. 226, 129 Pac. 1006; *Northern Colorado Irrigation Co. v. Burlington Ditch, R. & L. Co.,* 74 Colo. 159, 219 Pac. 1071; *South Boulder Canon Ditch Co. v. Davidson Ditch & R. Co.,* 87 Colo. 391, 288 Pac. 177. And see *Sieber v. Frink,* 7 Colo. 148, 2 Pac. 901.

██ The court, over the defendant's objection, admitted in evidence, as bearing upon the question of nonuse, certified copies of the water commissioners' reports on file in the office of the state engineer. They purport to show the water carried in the canal at stated times. Upon those reports were based certain illustrative tables and hydrographs prepared by the plaintiffs' engineer.

██ Section 1838, Compiled Laws, requires water commissioners to make reports to the superintendent of irrigation of their division, and provides that "The re-

ports of water commissioners by the superintendents of irrigation shall be filed and kept in the office of the state engineer.'' The office of superintendent of irrigation was abolished in 1911 and the duties thereof conferred upon division engineers. C. L. §1823. In 1903 the General Assembly passed an act requiring the water commissioners' reports to be subscribed and sworn to. C. L. §1836. Section 6552, Compiled Laws, makes copies of reports of water commissioners, duly certified by the state engineer or his deputy, admissible as evidence of the facts therein contained. The water commissioners' reports referred to in section 6552 are the reports that are sworn to as required by section 1836. The oath is an important requirement.

Counsel for the defendant contend that the water commissioners' reports involved in this case are not competent evidence because they were not sworn to. They base their contention that the reports were not sworn to upon the fact that the photostatic copies admitted in evidence do not affirmatively show that the originals were sworn to. The reports are in two groups; one (Exhibit 101) covering the years 1901 to 1905, both inclusive; the other (Exhibit 5) covering 1902, 1906 and subsequent years up to and including 1928, with a few years missing. Practically all of the reports marked Exhibit 101 were made before the passage of the act of 1903 requiring them to be sworn to. When the exhibits were offered in evidence, counsel did not indicate to the court that there was any objection to them or any of them on the ground that they were not sworn to as required by the act of 1903. The defendant, therefore, is not in position to urge such objection in this court. But were it otherwise, the objection could not be sustained. The exhibits are photostatic copies of separate pages of the reports. The state engineer certified that those constituting Exhibit 101 are correct copies of "portions" of the water commissioners' reports for the years stated; and that those constituting Exhibit 5 are correct copies of certain num-

482

bered pages of the water commissioners' "field books" of the years stated. At that time the field books constituted the reports. The copies did not include the page containing the oath. We must assume, in the absence of evidence to the contrary—and there is none—that the reports subsequent to 1902 were sworn to as required by the act of 1903. We have held repeatedly that the presumption is that public officials have discharged their duties properly and in compliance with the law. See *Rossi v. Colorado Pulp & Paper Co.*, 88 Colo. 461, 299 Pac. 19; *People, ex rel. v. Mitchell*, 88 Colo. 102, 292 Pac. 228; *Burbank v. Board of County Commissioners*, 70 Colo. 302, 201 Pac. 43; and *Bolton v. Bennett*, 56 Colo. 507, 138 Pac. 761.

█ It is the statutory duty of water commissioners to sign and swear to the reports made by them to the division engineer, who is required to file such reports, sworn to as required by law, with the state engineer, whose duty it is to keep such verified reports in his office, and furnish certified copies thereof upon proper request. The prima facie presumption is that the several officers performed their statutory duty, and that the division engineer accepted and filed with the state engineer, and that the latter accepted for filing and gave certified copies of, those water commissioners' reports only that were sworn to as required by the act of 1903 (C. L., sec. 1836).

We conclude that the admission of the water commissioners' reports in evidence was not error.

Other assignments of error are discussed by counsel for the defendant, but we do not consider them meritorious; they do not, in our opinion, require discussion here.

An examination of the lengthy record—it contains 3,031 folios—satisfied us that the court committed no error in not decreeing, as the plaintiffs contend that it should, an abandonment of all water rights in excess of 400 cubic feet per second of time.

The case was tried ably by both court and counsel. The court took it under advisement for about three months,

during which time, as is evidenced by the findings and opinion, it gave the case painstaking consideration.

We find no reversible error in the record. We believe that the trial court's findings are supported by the evidence and that the judgment is right.

The judgment is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE YOUNG did not participate.