No. 14,761.

Scott et al. Administrators *v*. Temple.
(119 P. [2d] 607)

Decided October 14, 1941.    Rehearing denied December 1, 1941.

Mr. Arthur Morrison, for plaintiffs in error.

Messrs. Carpenter & Videon, for defendant in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

At the suit of defendant in error, a junior appropriator of water from Dry Creek in Routt county, the district court decreed that the plaintiffs in error, owners of a senior water right from the same stream, previously adjudicated to what was known as the Magden ditch, had abandoned such ditch and water rights, and enjoined the latter parties from asserting any interest therein adverse to the defendant in error. Plaintiffs in error here seek a reversal of such judgment.

■ As filed, the original complaint simply charged the abandonment of the Magden ditch. At the close of the evidence the trial court permitted an amendment of the complaint by the insertion therein at an appropriate place of the additional words "and water rights therein." The allowance of this amendment is assigned as error, the contention being that such interjected a new cause of action after trial. The record discloses that the answer of plaintiffs in error alleged that their *water* rights in the Magden ditch had been continuously used since 1919, at least. This allegation was put in issue by the replication, and the tenor of the evidence indicates that the case was tried by both sides upon the theory that the abandonment of both ditch and water rights was the issue; consequently no surprise or injury to plaintiffs in error resulted by reason of the amendment, and under the circumstances we hold that the trial court did not abuse its discretion in permitting the amendment. *United States F. & G. Co. v. People,* 44 Colo. 557, 98 Pac. 828; 49 C.J., p. 481, §614.

■ It appears from the record that between the years 1905 and 1923 no use whatsoever was made of the Magden ditch. In 1923 an attempt was made to reconstruct the headgate but the ditch was not rehabilitated or put in condition to carry water. Nothing further was essayed in connection with the ditch until the spring of 1939 when plaintiffs in error rebuilt it and requested

the water commissioner to shut down the headgate of the ditch of defendant in error so that they might receive their priority water. The instant suit was thus precipitated. By these undisputed facts it would seem certain that a nonuse of the ditch from 1905 to 1939 was clearly proved. Inferentially conceding such, plaintiffs in error, notwithstanding, point out, as is axiomatic under our decisions, that to legally consummate the abandonment of a ditch and water rights, not only must nonuse be established but also an intention to abandon either expressly or by implication, must be proved. *Del Norte Irr. Dist. v. Santa Maria Res. Co.,* 108 Colo. 1, 113 P. (2d) 676; *Commonwealth Irr. Co. v. Rio Grande Ass'n,* 96 Colo. 478, 45 P. (2d) 622; *Fruit Growers Co. v. Donald,* 96 Colo. 264, 41 P. (2d) 516; *Parsons v. Ft. Morgan Res. & Irr. Co.,* 56 Colo. 146, 136 Pac. 1024.

▮ Plaintiffs in error maintain that any inference of an intention to abandon their water rights which might be drawn from the extended nonuse of the ditch to which it was decreed, was negatived by evidence that many years previous to this litigation their predecessors had built a dam across Dry Creek some three-fourths of a mile below the Magden headgate and through a short connecting ditch thereafter continuously diverted the water collected into the Walker ditch, a large lateral in which they owned some interest, which drew its priority waters from the Yampa river and by which a portion, but not all, of the lands covered by the Magden ditch could be and were irrigated. One witness fixed the date of the construction of said dam as of 1908, but others testified that it was first built in 1923 or 1924.

In opposition to the evidence of this asserted use there was produced testimony tending to show an expressed and deliberate intention on the part of the Magden owners to abandon both ditch and water rights because of the impracticability and uneconomic aspect of the project. Upon this evidence the trial court specifically found that there had been an express intention to aban-

don. Other evidence questioned whether the dam was intended to collect Magden water or to divert it as such at that point. There was further testimony to the effect that since 1904, the date of the appropriation of defendant in error, he had diverted the entire flow of the stream, except during flood periods, for his use, and it is unquestioned that the owners of the Magden right in the thirty-four years previous to 1939 never once demanded water under their decreed priority or invoked the assistance of the water commissioner in attempting to procure it. In addition to these general conflicts in the evidence and others not herein mentioned, the resolution of the factual issues was further complicated by frequent conflicts in the testimony of some of the individual witnesses, thus presenting the opportunity, adroitly embraced by respective counsel, at least here, to attribute ultimate verity to the one of the discordant statements of the opposing witnesses most in harmony with the theory of their client's case. In this state of the record, even as here briefly portrayed, the finding of the facts as to the intent of the owners with respect to the abandonment of the ditch and water rights here involved, was peculiarly within the province of the trial court and under elementary rules its conclusions as well as the judgment based thereon may not, with propriety, be disturbed by us. *Cooper v. Shannon,* 36 Colo. 98, 85 Pac. 175; *Platte Valley Irr. Co. v. Central Trust Co.,* 32 Colo. 102, 75 Pac. 391.

The judgment is affirmed.

Mr. Chief Justice Francis E. Bouck, Mr. Justice Young and Mr. Justice Burke concur.