## No. 17,225.

MOUNTAIN MEADOW DITCH AND IRRIGATION COMPANY *v.*
PARK DITCH AND RESERVOIR COMPANY ET AL.
(277 P. [2d] 527)

Decided December 13, 1954.

Mr. W. E. PARKISON, Mr. CHARLES F. STEWART, for plaintiff in error.

Mr. ROBERT DELANEY, Mr. KENNETH BALCOMB, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

THE Mountain Meadow Ditch, owned by plaintiff in error, was awarded a decree for 25.6 second feet, Priority No. 217-BB, as of date of May 31, 1902, out of Cattle Creek, and defendants in error, who were plaintiffs below, are owners of ditches having decrees junior to the Mountain Meadow Ditch.

It was alleged in the complaint that the adjudication of said priority to the Mountain Meadow Ditch was by a conditional decree; that no water in excess of thirteen second feet of said priority had ever been applied to beneficial use by defendant thereunder; that plaintiffs had beneficially used the remainder of said priority adversely to defendant for more than twenty years "under their later priorities"; that defendant had abandoned the remaining 12.6 second feet of said priority; that plaintiffs were the owners thereof by virtue of adverse possession, and that the decree was obtained through fraud.

Wherefore plaintiffs sought injunction and declaratory judgment. Defendant company joined issue by denial of essential allegations and upon trial the court found that the owners of the priority adjudicated to the Mountain Meadow Ditch had abandoned their rights thereunder to water in excess of thirteen second feet and that the remaining 12.6 second feet "if not abandoned, has be-. come the property of and title has passed to the plaintiffs by reason of adverse possession, according to their respective rights as established by their several decrees," and gave judgment for plaintiffs.

While it may be a matter of indifference to plaintiff in error whether it has lost its rights by virtue of abandonment or adverse use, it may be a matter of importance in determining the rights to the water so abandoned. *Granby Ditch & Reservoir Co. v. Hallenbeck,* 127 Colo. 236, 255 P. (2d) 965. We have repeatedly held that as between rival claimants to the ownership of a priority awarded to a ditch, title thereto may be acquired by adverse possession and use of the water for the statutory period after its diversion from the stream. However, a priority right is limited, not only as to volume, but also as to time by the need of its use for the purpose for which it was appropriated, and the owner may rightfully divert from the stream only such amount and for such time as may be required for such use. Therefore, a water right does not represent actual ownership of any part of the stream, but only the right to claim the amount needed up to the volume of the priority at the headgate of the ditch, and the taking of water from the stream by junior claimants elsewhere or by virtue of other priorities is not hostile to the title of the senior priority, but hostile to the stream, that is, to the public. The unappropriated water of every stream is the property of the public against which title by adverse user may not be acquired. Plaintiffs allege in their complaint that they and their predecessors diverted the water decreed to the Mountain Meadow Ditch in excess

of thirteen second feet pursuant to and under claim of their later priorities and not by virtue of any claim to any interest in the priority decreed to the Mountain Meadow Ditch or of any claim of right to the water under said priority. Therefore its use was not hostile to the Mountain Meadow Ditch priority even if from the same ditch. We think the trial court erred in its holding that if there was no abandonment the junior appropriators gained title to any portion of a water right of the Mountain Meadow decree by adverse use.

As to abandonment, while the evidence is uncertain as to the earlier years, it overwhelmingly supports the finding of the trial court that for the period from 1912 to 1950 no more than thirteen second feet had been diverted under the decree and that thirteen second feet was recognized by the water officials as a proper amount. This is not seriously disputed by plaintiff in error, but it is sought to be overcome by attempted showing that its water users had no knowledge that their property rights were in jeopardy by reason of nonuse and that they had a right to assume that the water officials would properly administer the waters of the creek in accordance with the decree. There is no showing that the water officials fraudulently or deliberately deprived the Mountain Meadow Ditch of any part of its decree, but rather that such was honestly assumed to be a proper construction of the decree. We think it would not be helpful to set out in detail the evidence as to the administration of the ditch and the use of the water thereunder in conjunction with the use of other waters. The trial court found from it that the users of the Mountain Meadow water right abandoned the excess over thirteen second feet, either knowingly or by neglect, in not asserting their right or showing an intention to use same. At best for the Mountain Meadow Ditch users, such finding was based on disputed and uncertain facts from which reasonable men might draw different conclusions as to excuse of the nonuse. As we

said in *Mason v. Hills Land & Cattle Co.*, 119 Colo. 404, 204 P. (2d) 153:

"While the burden of proof of intent to abandon is on him who asserts it, yet such intent may be proved by evidence of acts and failures to act as well as by mere words; that nonuse constitutes such failure to act; that proof of nonuse for an unreasonable period establishes a presumption of abandonment and is prima facie proof thereof; that nonuse for the period here proved is an unreasonable period; that to rebut the presumption of abandonment arising from such long period of nonuse, there must be established not merely expressions of desire or hope or intent, but some fact or condition excusing such long nonuse. In the instant case, the existence of such a fact or condition was an issue to be determined by the trial court and the evidence amply supports its determination."

So here, the evidence is amply sufficient to support the determination of the trial court that there was abandonment, and we should be bound thereby. Accordingly, the decree is affirmed.

MR. JUSTICE CLARK did not participate in the consideration of this case.