No. 18,509.

H. E. RUSSELL, ET AL. *v*. VERAL L. FENDER, ET AL.
(348 P. [2d] 712)

Decided January 25, 1960.

Mr. Frank Delaney, for plaintiffs in error.

Mr. Robert Delaney, Mr. Kenneth Balcomb, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiffs in error were defendants in the trial court, as were four other persons not before us on this writ of error. Defendants in error were plaintiffs below. We will refer to the parties as they appeared in the trial court, or by name.

Plaintiffs brought the action to determine the conflicting claims of persons to whom stock had been issued in the Mountain Meadow Ditch and Irrigation Company, Inc., a Colorado corporation. The prayer of the complaint was for "a complete adjudication of the rights of all parties to this action with respect to the water rights hereinabove described"; for an adjudication invalidating stock in the above named ditch company which had been issued to defendants in exchange for water rights which had been abandoned, and for injunctive and other relief.

By decree of the district court of Garfield county entered August 1, 1905, water rights totalling 25.6 cubic feet per second were adjudicated to the owners of Mountain Meadow Ditch No. 149 C.C. In 1950 persons claim-

ing to be the owners of the above mentioned water rights organized the Mountain Meadow Ditch and Irrigation Company, Inc. All but one of the persons claiming said 25.6 c.f.s. of water, conveyed their rights therein to the corporation and received stock in said corporation. Stock was issued to these persons on a ratio of one share for each 1/10 cubic second foot of water which each person claimed to own in the original adjudication of 25.6 c.f.s.

In the case of *Mountain Meadow Ditch and Irrigation Company v. Park Ditch and Reservoir Company et al.,* 130 Colo. 537, 277 P. (2d) 527, it was decreed that the former company was then entitled to only 13 c.f.s. of water from the original adjudication of 25.6 c.f.s. for the reason that there had been an abandonment of 12.6 c.f.s. by former owners, some of whom were parties to the action.

In the instant action plaintiffs alleged that defendants, at the time the corporate stock was issued to them, did not own water rights which they purported to convey to the corporation as consideration for the issuance of stock; that under the terms of the certificate of incorporation and the by-laws of the company, the shares of stock standing in the name of defendants should be cancelled in exact proportion to the loss of water rights caused by the separate abandonments of the defendants, or their predecessors in interest.

Defendants joined issue generally, and affirmatively sought a decree to the effect that the loss occasioned by the abandonment which was adjudicated in the case of *Mountain Meadow et al. v. Park Ditch et al.,* supra, should be borne by all those currently holding stock on a pro rata basis according to the number of shares held.

There was also a supplemental complaint filed claiming that wrongful assessments had been made against each share of stock by the Board of Directors of the company and asking that those assessments be cancelled. As a result of this supplemental complaint, and by stipu-

lation, an order of court was entered requiring that such assessments be deposited in the registry of the court. Defendants set up further defenses to said action, as follows: That the complaint failed to state a claim; denying the alleged abandonments by the respective parties; that the co-owners of the Mountain Meadow Ditch and the water allocated thereto had acquired carrier rights in a certain reservoir, after which time the waters diverted from Cattle Creek as a part of Priority No. 217-BB (the Mountain Meadow Ditch right) and the waters representing reservoir rights of others were released indiscriminately, commingled so that it was impossible to distinguish between the use of direct flow rights, such as water under Priority No. 217-BB and water discharged under reservoir rights; user by the co-owners of said ditch of the full amount of water claimed in Priority No. 217-BB and no adverse user between the cotenants; the promotion of and the formation of Mountain Meadow Ditch and Irrigation Company by plaintiffs; the issuance of the stock to each of the parties based on the amount of water claimed under the adjudication of the district court of Garfield county, August 1, 1905; the making of numerous assessments as against that stock, and an estoppel by reason thereof, and laches; that the alleged contracts, understandings and agreements set forth by plaintiffs were abandoned by mutual consent and were terminated and rescinded; various statutes of limitation, and the statute of frauds. As to the supplemental complaint, defendants pleaded that plaintiffs caused the company to join in the defense of the action and therefore the assessment for expenses was proper.

After a lengthy trial, the court found generally for the plaintiffs and ordered shares of stock held by the parties cancelled and new certificates issued in accordance with its findings as to the amount of water rights belonging to each of the parties and not abandoned at the time of making their respective deeds to the company. The trial court also found for the plaintiffs on

their supplemental complaint and ordered the assessments complained of cancelled, and the money deposited in court in lieu of payment of those assessments returned to the plaintiffs.

Two of the defendants have prosecuted the writ of error to this court, viz: H. E. Russell and Albert Grange. Milton J. Sirola and Victoria Sirola, Harold E. Fender and Ruth A. Fender, and Mountain Meadow Ditch and Irrigation Company, who were defendants in the trial court, are not parties in this court.

On behalf of defendant Albert Grange, it is argued that the trial court erred in cancelling all the stock issued to him. It held that no interest in water rights in the Mountain Meadow Ditch was conveyed by deed dated June 27, 1939, in which Harris and O'Connor were grantors and one Kreutz was grantee. The latter was the person through whom Grange claims to have acquired rights to the water. The trial court so held, notwithstanding that a subsequent deed, dated February 6, 1942, from Harris to Fender was upheld as conveying 4/10 c.f.s. to Fender. Counsel for Grange argues that this 4/10 c.f.s. should have been awarded to Grange rather than to Fender.

The question thus raised is one of fact, namely, was any water conveyed from Harris and O'Connor to Kreutz under the deed first above mentioned?

The trial court found that the water rights which were purportedly conveyed to Kreutz had in fact been abandoned long prior to the deed executed in 1939. Moreover, the record shows that no demand was ever made by Kreutz for water from the Mountain Meadow Ditch and that the claimed water was used for a long period of time on land belonging to other persons against whom Kreutz did not assert any claim. During this time he was the ditch walker and superintendent of the system of water distribution and had full knowledge of these facts. There is competent evidence to support the finding of the trial court that the water rights held to be

abandoned under the decision in *Mountain Meadow Ditch and Irrigation Company v. Park Ditch and Reservoir Company, et al.,* supra, included those mentioned in the 1939 deed. With reference to the contention that the water decreed to Fender should have been awarded to Grange, it is sufficient to say that there was ample evidence to support the conclusion that the Fender water was separate from that contemplated by the parties for inclusion within the purported deed executed in 1939 from Harris and O'Connor to Kreutz.

Defendants Russell and Grange contend that the trial court erred in declaring stock subject to cancellation which had been issued by the corporation in exchange for claimed water rights which had in fact been theretofore abandoned. The judgment of cancellation was based on provisions of the Certificate of Incorporation of the company issuing the stock and certain provisions of the by-laws thereof. The trial court held that all the stockholders were bound by these provisions, which were free from ambiguity and not subject to explanation or modification by parol evidence. Counsel for Russell and Grange contend that therein the trial court erred.

All the parties to this action were original stockholders. The Certificate of Incorporation contains the following provisions relating to the purposes for which the corporation was formed:

"(a) To acquire, own, operate and maintain the irrigation ditch and water rights heretofore known as the Mountain Meadow Ditch, which said ditch and water rights are more particularly described in the Decrees Adjudicating Priorities entered by the District Court in and for Garfield County, State of Colorado, in and for Water District No. 38, and more particularly Priority No. 217 BB, as said decree was entered on the 1st day of August A.D. 1905;

"(b) To acquire, own, operate and maintain such ditch and water rights for and in return for the issuance of stock in the Corporation hereby formed; it being the

express intention that the formation of this company shall in no wise alter or vary the existing rights or priorities of claim of any of the persons who shall become stockholders."

Within the by-laws promulgated under the authority of those articles of incorporation we find the following definite provisions pertaining to the issuance of stock:

"The stock of the Corporation shall be issued on the basis of one share for each one-tenth (.1) of a cubic foot of water per second of time which shall have been conveyed by sufficient deed to the Corporation.

"All conveyances of Mountain Meadow water rights shall specify to the amount of such right the prospective shareholder is entitled to, and shall, in addition, specify that such conveyance shall convey all of the right, title and interest which the grantor has in such Mountain Meadow water rights.

"The Board of Directors shall accept the specification of amount of Mountain Meadow right as prima facie evidence of such amount, only, and may cause issuance of the stock in the Corporation accordingly, but the Corporation specifically retains the right and power to recall and reissue its stock in accordance with the actual amount of water conveyed to the Corporation at any time when it is made to appear that an erroneous amount was used as a basis in the original or any subsequent issue of Corporate shares.

"This qualification of Issuance is made in lieu of requiring each prospective share-holder to submit written proof of clear title to the amount of water of the Mountain Meadow Adjudication to which he claims to be entitled at the time of the original or any subsequent issue of shares of Corporate stock which shall have been and shall always be made on the basis of one share of corporate stock representing one-tenth of a cubic foot of water per second of time of the original Mountain Meadow Adjudication."

We conclude, as did the trial court, that the

above quoted provisions of the by-laws and articles of incorporation are not ambiguous and therefore not subject to modification or construction by parol evidence. The stockholders are bound thereby. Defendants Russell and Grange received stock in the corporation subject to the conditions stipulated in the by-laws governing cancellation of that stock. The trial court found all issues against them and there is evidence to support those findings.

The court did not err in ordering the assessments to be returned, nor in rejecting the defenses of the statute of frauds, estoppel, laches, and the statute of limitations.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.