467 P.2d 995

W. Bomar JONES, Harvey Chatfield, Ruben Chavez, Jr., Jack Chatfield, John Gordon, Sofia S. Apodaca, Micquila Tapia, Leroy E. Chavez, Curtis A. Hobbs, Jeff D. Owen and Clifford C. Hammond, Plaintiffs-Appellants and Cross-Appellees,

v.

Robert O. ANDERSON, d/b/a Lincoln Livestock Company and Ladder Ranch, Defendants-Appellees and Cross-Appellants.

No. 8914.

Supreme Court of New Mexico.

March 16, 1970.

Rehearing Denied April 29, 1970.

Sherman & Sherman, Deming, for appellants.

Sanders & Bruin, Roswell, for appellees.

OPINION

TACKETT, Justice.

This action was commenced in the District Court of Sierra County, New Mexico, to determine the rights to water claimed by plaintiffs and defendants, and to determine if any water rights had been forfeited.

The issues were limited to the surface water rights of the Ladder Ranch. After trial, the court awarded 60 acres of water rights to defendant Ladder. Plaintiffs appeal. Defendant Ladder cross-appealed, subsequently withdrawing the cross-appeal. The intervenor State Engineer has not participated in this appeal. The parties will be designated as they appeared in the trial court.

The only issue for this court to determine is whether, as contended by plaintiffs, the water rights appurtenant to the places

of Saledon Chavez, Ben Chavez and Opgenorth, were forfeited by nonuse by the present owners or their predecessors.

After a careful review of the record and findings of fact made by the trial court, we hold there was no forfeiture by nonuse. This court has previously held that § 75–5–26, N.M.S.A., 1953 Comp., is a forfeiture statute for nonuse of water rights under certain circumstances. State ex rel. Reynolds v. South Springs Co., 80 N.M. 144, 452 P.2d 478 (1969).

Plaintiffs contend that the findings of fact and conclusions of law do not have support in the evidence. The trial court found by its finding No. XII(d), (e) and (f), that "Defendant Robert O. Anderson and his predecessors in title have at all pertinent times applied the surface waters of the Las Animas Creek to beneficial use" upon the lands in question.

We are unable to agree with plaintiffs' contentions. The burden of proving failure to irrigate was on the plaintiffs. They did not sustain this burden. The record reveals ample support for the court's findings of fact. We have repeatedly held that, if the findings of fact and conclusions of law are supported by the evidence, they will not be disturbed on appeal. State ex rel. Reynolds v. South Springs Co., supra; Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968).

While there is a conflict in the testimony of certain witnesses, nevertheless, it was the duty of the trier of the facts to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistent or contradictory statements, and say where the truth lies. McCauley v. Ray, 80 N.M. 171, 453 P.2d 192 (1968). All disputed facts are resolved in favor of the successful party, and all reasonable inferences indulged in support of the verdict. Nor does the fact that there may have been contrary evidence, which would have supported a different verdict, permit us to weigh the evidence. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967); McCauley v. Ray, supra.

Further comment is unnecessary.

The decision of the trial court is affirmed.

It is so ordered.

COMPTON, and WATSON, JJ., concur.