475 P.2d 457

**Sylvia T. KERR, Plaintiff-Appellant,**

**v.**

**David SCHWARTZ, also known as 'Dave Schwartz, individually and doing business as Reliable Motors, and Western Surety Company, a corporation, Defendants-Appellees.**

**No. 9047.**

·Supreme Court of New Mexico.

Oct. 9, 1970.

Neil E. Weinbrenner, Garland, Martin & Martin, Las Cruces, for plaintiff-appellant.

J. D. Weir, R. R. Regan, Las Cruces, for defendants-appellees.

OPINION

TACKETT, Justice.

This action was commenced in the District Court of Dona Ana County, New Mexico, by plaintiff Kerr for damages under § 64-8-6, N.M.S.A., 1953 Comp., or, in the alternative, for breach of contract on the purchase of a 1969 automobile by plaintiff from defendant Reliable Motors, or for conversion by Reliable Motors of the purchase money or a 1966 Cadillac given to Reliable Motors as consideration for the purchase of the 1969 automobile.

The case was tried to the court without a jury by Honorable J. V. Gallegos, District Judge sitting by designation. Judg-

ment was entered in favor of defendants Schwartz and Western Surety Company. Plaintiff Kerr appeals. The parties will be designated as they appeared in the lower court as "Kerr," "Schwartz" and "Western."

Kerr contacted Reliable Motors, in particular Isadore Frank, for the purchase of a 1969 Buick, later changed to a 1969 Oldsmobile. Kerr turned over to Frank a 1966 Cadillac and title thereto. It was agreed between Kerr and Frank that the 1966 Cadillac had a value of $1900, for which Kerr took a receipt. Kerr was given a 1966 Pontiac for her use until the new Oldsmobile became available. The 1966 Cadillac was sold to one Prichard for $1900. Kerr was aware of this sale and agreed to leave the $1900 with Frank to be applied against the purchase of the 1969 Oldsmobile, which was never delivered. Subsequent to July 11, 1968, the date of the agreement to purchase the 1969 Oldsmobile, Frank died.

Upon learning of the death of Frank, Kerr, a couple of days later, went to Las Cruces to determine what had happened to the 1969 Oldsmobile and her credit of $1900, and to file a claim against Frank's estate.

Subsequently, Kerr learned that the application to the State of New Mexico for a license to do business as an automobile dealer, as well as the bond issued by Western, were in the name of Schwartz. Kerr, therefore, alleges that Schwartz was doing business as Reliable Motors and that Frank was the agent of Schwartz. She further alleges fraud and misrepresentation on the part of Reliable Motors. Schwartz denied these allegations and contends that he merely made an application for the license and bond in his name as a favor and accommodation to Frank, who could not furnish a sufficient financial statement to warrant the issuance of a bond, and that Frank was not his agent. Kerr also contends that Schwartz was estopped to deny ownership of Reliable Motors. It is to be noted that Frank and

Schwartz were friends, with offices next door to each other in the same building, and that Schwartz was the agent for Western. Schwartz contends that he was not doing business as Reliable Motors; that he had no connection with or interest in the operation of the business; that Frank was the sole owner and operator; that he was not estopped to deny ownership of Reliable Motors; and that he made no representations to Kerr.

The trial court made the following findings of fact, which are paraphrased here, all of which were challenged by Kerr as not having substantial support in the evidence. Kerr further claims error on the part of the trial court for rejecting her requested findings of fact. The trial court found that:

(1) Frank was the owner and operator of Reliable Motors.

(2) Schwartz was not a partner of Frank.

(3) Frank, as owner of Reliable Motors, agreed to sell the 1969 automobile.

(4) Schwartz at no time had any ownership or interest in Reliable Motors; did not participate in negotiations with Kerr; all negotiations were between Kerr and Frank; and Kerr never contacted Schwartz in connection with the transaction.

(5) Schwartz never represented to Kerr that he had an interest in or was connected in any way with Reliable Motors.

(6) During the transaction, Kerr had no knowledge that Western had written a bond for Reliable Motors.

(7) Kerr did not rely upon or change position to her detriment by reason of any statement or fraudulent misrepresentation of either Schwartz or Western.

(8) Kerr did not rely upon or change position by reason of the bond, dealer's license and special license plates issued to Reliable Motors,

which stood in the name of Schwartz.

(9) Schwartz and Western were not estopped to explain and prove the true ownership of Reliable Motors.

(10) Frank was not an agent of Schwartz in the operation of Reliable Motors, or in the transaction with Kerr.

(11) Frank tendered the $1900 to Kerr, which was declined.

(12) Kerr got title to the Pontiac automobile.

Kerr relies on twenty-three points for a reversal of the trial court's decision; however, all twenty-three points are challenges of the findings of fact made by the trial court and the rejection of requested findings of fact.

The record in this case has been carefully reviewed and reflects that the challenged findings of fact have substantial support in the evidence. We have repeatedly held that where findings of fact and conclusions of law flowing therefrom have substantial support in the evidence, they will not be disturbed on appeal. Yates v. Ferguson, 81 N.M. 613, 471 P.2d 183 (1970).

The fact that there may have been contrary evidence introduced at trial, capable of supporting a different verdict from that rendered by the trial court, does not permit us to weigh the evidence. All disputed facts are resolved in favor of the successful party, and all reasonable inferences indulged in support of the verdict. Jones v. Anderson, 81 N.M. 423, 467 P.2d 995 (1970).

Unless, from the facts found, it must necessarily follow that the trial court erred, its conclusions and judgment cannot be disturbed on appeal. Ed Black's Chevrolet Center, Inc. v. Melichar, 81 N.M. 602, 471 P.2d 172 (1970).

It is noted that Kerr turned over the Cadillac and title thereto, signed in blank, to Frank. There is no evidence that, at the time of his receipt of the Cadillac from Kerr and the making of the agreement, Frank fraudulently intended not to keep his promise, nor are there relevant circumstances which would require the trial court to infer a fraudulent intent. Compare, Telman v. Galles, 41 N.M. 56, 63 P.2d 1049 (1936). Section 64–8–6, supra, provides for an automobile dealer's bond and license to protect against failure of title or fraud at the time of purchase. Prince v. National Union Fire Insurance Company, 75 N.M. 313, 404 P.2d 137 (1965). In the present case, although Kerr was a creditor of Frank or Reliable Motors, she was not one entitled to the protection of the statutory automobile dealer's bond.

Kerr urges this court to adopt the rationale contained in the case of William H. Banks Warehouses v. Jean, 96 F.Supp. 731 (S.D.Idaho 1951); however, Banks is easily distinguished from the present case on the facts. First, from an examination of the Idaho statutes:

"* * * [I]t is certain that the Legislature intended to place the responsibility on the person or corporation who held the permission from the state to operate them. * * *"

There is no such legislative pronouncement in New Mexico. Second, it is clear that Banks, the person to whom the license and bond were issued, controlled the warehouses. In the instant case, Schwartz had no control whatsoever over the business of Reliable Motors. Third, there were many signs which were kept posted during all the time involved in the Banks case:

"* * * There can be no question but that the representations, contained in these signs were definite and certain representations, which were diametrically inconsistent with and repugnant to the facts, which plaintiffs now attempt to assert, namely, that Banks did not operate that warehouse. * * *"

Finally, Banks conducted a widespread advertising campaign to advise the public that all the warehouses involved were

bonded. None of the above facts appear in the instant case and thus Banks is not controlling here.

■ We deem it necessary to comment briefly on the additional issue of estoppel which has been raised in this case. Kerr contends that Schwartz is estopped to deny he was the owner and operator of Reliable Motors, due to the fact that the license to do business, the special dealer's plates and bond, were issued in the name of Schwartz. We are unable to agree with this contention, as the elements of estoppel are not here present, as set forth recently in Yates v. Ferguson, supra:

> " ' "The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are:

> " ' "(1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." ' "

The evidence is that Kerr had never met Schwartz; did not have any negotiations with him in the transaction; that all of her negotiations were with Frank; that Frank was sole owner and operator of Reliable Motors; and that Kerr had no knowledge during the transaction that the license to do business, special dealer's plates and the bond were in the name of Schwartz.

Since Kerr, as a creditor only, has no action by virtue of estoppel against Schwartz, Ilfeld & Co. v. Stover, 4 N.M.

(Gild.) 1, 4 N.M. (John.) 54, 12 P. 714 (1887), and since the bond did not protect Kerr, we need not determine the question as to whether Schwartz would have been estopped to deny liability as principal on the bond.

The judgment of the trial court is affirmed.

It is so ordered.

WATSON and McKENNA, JJ., concur.