477 P.2d 814

**Ted GROFF, Plaintiff-Appellee and Cross-Appellant,**

**v.**

**E. Franklin STRINGER and M. Abanna Stringer, his wife, and E. Florence Allen, a widow, Defendants-Appellants and Cross-Appellees.**

**No. 9049.**

Supreme Court of New Mexico.

Dec. 14, 1970.

Ellis J. French, Albuquerque, for appellants.

Robinson & Stevens, Albuquerque, for appellee.

OPINION

TACKETT, Justice.

Plaintiff Groff in this action seeks to foreclose a claim of lien on the real property of defendants, Stringers and Allen, in Sandoval County, New Mexico. After trial without a jury, judgment was entered in favor of plaintiff. Defendants appeal and plaintiff cross-appeals. The parties will be referred to as they appeared in the lower court.

Groff filed a complaint against E. Franklin Stringer and M. Abanna Stringer, his wife, and E. Florence Allen, the mother of M. Abanna Stringer, alleging that, at the request of Stringers, Groff demolished and reconstructed a building into a residential dwelling upon the real property owned by Stringers and Allen, for which they owed Groff $8050. Groff filed a claim of lien and requested the court to

declare the lien valid and for an order decreeing foreclosure against the property. Stringers and Allen denied the allegations and counterclaimed, alleging breach of a written contract under which Groff agreed to move an Army barracks type building to the property of Stringers and Allen; that Groff did not move the building, but instead erected an inferior building that was unfit for habitation and, in fact, was a detriment to the property; that when they discovered faulty construction and other violations of the contract, they barred Groff and his employees from entering their property to prevent further damage; that as a result of the delay in completing construction and the faulty construction, they were damaged in the sum of $9200. After a hearing, the court made findings of fact and a conclusion of law awarding judgment to Groff in the sum of $1755.57, plus $575 attorney's fees and costs. The judgment also provided that the property be sold and the proceeds applied to the judgment, with the defendants liable for any deficiency. Allen's counterclaim was abandoned by her attorney and was dismissed by the court.

Briefly, the facts are that, after execution of the contract, Groff was unable to move the building as the New Mexico State Highway Department refused to grant a permit for transporting the large building (70x30 feet) over the highways from Albuquerque to near Cuba, New Mexico. This fact was known by Groff and Stringers, as they made a trip to Santa Fe to the Highway Department in an effort to obtain the permit. The parties thereupon entered into an oral contract for the demolition of a barracks building and re-erection on Stringers' property. Groff did the demolition and commenced erecting the building on Stringers' property during the month of August 1966, and, as of October 1966, he had not completely finished construction on the building, but was working on it when Stringers barred him and his employees from coming on the proper-

ty. As a consequence, it was impossible for Groff to complete construction. A meeting was held between the parties and their attorneys in the Legal Aid Office in Albuquerque, at which time it developed that Groff desired to complete the construction; however, Stringers would not allow him to do so.

Stringers rely on three points for reversal of the lower court's decision, all of which substantially are challenges to the trial court's findings of fact and conclusion of law. We will review the evidence on each of the three points.

It is fundamental that, if there is substantial evidence in the record to support a finding, we are bound thereby. In deciding whether a finding has substantial support, we must view the evidence in the light most favorable to support the finding, and any evidence unfavorable to the finding will not be considered. Jones v. Anderson, 81 N.M. 423, 467 P.2d 995 (1970); Kerr v. Schwartz, 82 N.M. 63, 475 P.2d 457 (1970).

Stringers' point I claims that Groff was not licensed under New Mexico law to perform the services described in his claim of lien. We note that in finding No. 4, the trial court found that, during the year 1966 and thereafter at all times material to this action, Groff was a duly licensed contractor under the laws of the State of New Mexico, licensed to perform the work described in his claim of lien and in the contract between the parties. The evidence is that Groff took an examination before the Contractor's License Board in Santa Fe, and was granted a license in 1965 for remodeling, framing and demolition work. It is clear that Groff did not construct a finished house, but that his activity was confined to the relocation and remodeling of an existing structure including framing. It is well established that where there is substantial evidence to support the findings of the trial court they will not be disturbed on appeal. See, Stewart v. Barnes, 80 N.

M. 102, 451 P.2d 1006 (1969); Forsyth v. Joseph, 80 N.M. 27, 450 P.2d 627 (1968).

In point II, Stringers claim that an in personam judgment cannot be enforced against them. Essentially, this contention is that the trial court erred in allowing a deficiency judgment (should one develop) against the Stringers. This contention is without merit, as the weight of authority is to the effect that, in an action to foreclose a mechanics' lien, a personal judgment may be rendered against a party to the action who is personally liable, in addition to a judgment foreclosing the lien. The right to such judgment is dependent on a contractual relation being shown between the plaintiff and defendant against whom the personal judgment is sought. Costanzo v. Stewart, 9 Ariz.App. 430, 453 P.2d 526 (1969). See, 53 Am.Jur.2d Mechanics' Liens, § 417 at 931. A contractual relationship existed between the parties.

In point III Stringers contend that the claim of lien Groff seeks to enforce is not valid, because the services performed by Groff did not benefit the property and, in fact, were a detriment to it. The trial court found that the work done by Groff reasonably benefited the entire property. Wilfred E. Kitsch testified that he thought the building was worth $1800, and that the value of the materials used in the construction was $1404.46. Witness Bryan testified that he would want $6.00 per square foot for the construction of a similar building near Cuba, and that the 70x30 foot structure was a "sound building."

It would appear that the trial court weighed the evidence, judged the credibility of the witnesses, and correctly concluded that the services performed by Groff benefited the property. The rule is well established that this Court does not weigh evidence or judge the credibility of witnesses, but views the evidence in a light most favorable to the judgment, disregarding all evidence to the contrary. Williams v. Yellow Checker Cab Co., 77 N.M. 747, 427 P.2d 261 (1967).

As to the above three points on which Stringers rely for reversal, the trial court will be affirmed, as there is substantial evidence in the record supporting the findings on these contentions.

Groff, in his cross appeal, challenges finding No. 12, which states that "the well constructed on the property is of no value." This court has repeatedly held that findings of fact having substantial support in the evidence will not be disturbed on appeal, and that substantial evidence is relevant evidence acceptable to a reasonable mind. Martinez v. Trujillo, 81 N.M. 382, 467 P.2d 398 (1970). Further, we are cognizant of the fact that we do not lightly overturn the judgment of the trial court and must search the record for substantial evidence to support its findings. Rutledge v. Johnson, 81 N.M. 217, 465 P.2d 274 (1970). But a finding of fact, not supported by substantial evidence, will not be sustained on appeal, and a judgment based on such finding is itself without support. Forrest Currell Lumber Company v. Thomas, 81 N.M. 161, 464 P.2d 891 (1970).

The finding of the trial court, that the well constructed on the property is of no value, is not supported by substantial evidence. The substance of the testimony material to this finding is as follows. Groff testified that he paid Leon Messer $873.90 for the drilling of the well. The agreed price with Messer was $5.00 per foot if he furnished the pipe, and $3.50 if Groff furnished the pipe. The well was 246 feet deep. Groff furnished the pipe and valued it at $250. The witness Bryan testified that the type of casing used in the well furnished by Groff was satisfactory. The pump was not installed in the well due to the actions of Stringers.

The witness Donald F. Ames testified that he was general manager for Kartchner Pipe & Supply Company, a dealer in wholesale piping and materials, for over ten years. While on the stand, Ames was handed a piece of pipe from the well and he testified that the pipe was "in excellent

condition," and that "if everybody got a water well of this quality they would be doing real good." He testified that it was not uncommon for drilling contractors to utilize used pipe for drilling purposes. Groff testified that he had examined the hole; that he had looked down the pipe with a mirror and the pipe was perfectly smooth; that there were no jagged edges or broken joints, and that he could see water. Ames stated that wells are tested, not by dropping a tin can down the pipe attached to a string, but the usual procedure is for a bailer or a piece of pipe to be dropped down the well. Stringer testified that the only effort he made to test the well was when he unsuccessfully attempted to drop a tin can attached to a string down the well. Groff testified he had purchased a submersible pump to be used in the well. He ceased to do any work after October 22, 1966, at the insistence of Stringers.

It is clear from the foregoing evidence that Groff was prevented from completing and testing the well or installing the pump, because of the refusal of Stringers to permit him on the premises. The only evidence in the record, that the used pipe which was placed in the well was not satisfactory, came from a non-expert witness, who admitted that he had never tested the well, and that of Stringer who unsuccessfully attempted to test it with a tin can on a string.

In view of the value of the well casing and the value of the hole itself, which was only six to eight feet from the door of the house, it is impossible to state that the well is of no value.

The judgment is affirmed, except that it is remanded on the trial court's finding No. 12 as not having substantial support in the evidence. Further proceedings should be had on this point and a new judgment shall be entered to include the value of the well.

It is so ordered.

COMPTON, C. J., and SISK, J., concur.