478 P.2d 543

**STATE of New Mexico ex rel. STATE LABOR COMMISSIONER of New Mexico, Plaintiff-Appellee,**

v.

**GOODWILL INDUSTRIES, Defendant-Appellant.**

**No. 9083.**

Supreme Court of New Mexico.

Dec. 28, 1970.

Hernandez, Atkinson, Kitts, Kelsey & Hanna, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., John A. Darden, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SISK, Justice.

Defendant, Goodwill Industries, appeals from a judgment ordering the payment of $204.55 to Delfino Ulibarri, represented by the plaintiff, State Labor Commissioner, which sum represents the difference paid to Ulibarri by Goodwill Industries as an employee and the minimum wage required by law. We will refer to the interested parties as Goodwill, Ulibarri, and Commissioner. Goodwill alleges error by the trial court in holding that an employer-employee relationship, controlled by applicable minimum wage standards, existed between it and Ulibarri, and denies that it was required to obtain an exemption certificate from the Commissioner pursuant to our Minimum Wage Act, §§ 59–3–20 through 59–3–26, N.M.S.A. 1953 (Supp.1969).

Goodwill contends that Ulibarri was not an employee but was a "rehabilitation client" hired by it, a non-profit charitable corporation, in furtherance of its primary function of rehabilitation of handicapped persons. It alleges that Ulibarri was a chronic alcoholic and that his employment was primarily for purposes of rehabilitative therapy.

The effect of the trial court's findings and conclusions was that, during the period in dispute, there existed between Goodwill and Ulibarri a relationship of employer and employee, and that Ulibarri was not a rehabilitative client and Goodwill was therefore not entitled to the exemption from the Minimum Wage Act provided for by § 59–3–22.1, supra, for certain classifications of employees whose earning or productive capacity is impaired by physical or mental handicap.

We affirm. We must examine the evidence in the light most favorable to support the trial court's findings and conclusions, and must indulge in all reasonable inferences in favor of the successful party, and if the court's findings and resulting conclusions are supported by substantial evidence they will not be disturbed on appeal. Jones v. Anderson, 81 N.M. 423, 467 P.2d 995 (1970); Payne v. Tuozzoli, 80 N. M. 214, 453 P.2d 384 (1969).

Ulibarri had previously worked for Goodwill as a truck driver from December 12, 1966 to June 14, 1967, admittedly as a regular employee and not as a rehabilita-

tive client. He was laid off following an arrest for drunken and reckless driving; he was rehired from June 29, 1967 until October 11, 1967, during which time he performed janitorial work and occasionally drove a small truck. Ulibarri testified that he was not informed and was unaware that he was rehired in a rehabilitative-client capacity. Mr. Lynn, Director of Goodwill, testified that they did hire non-handicapped persons to fill vacancies in order to maintain industrial progress, and that Ulibarri had been referred originally to Goodwill by the New Mexico State Employment Agency, a source of referral for other nonhandicapped persons hired by Goodwill. Also, Mr. Giese, Director of Vocational Rehabilitation for Goodwill, testified that he was not sufficiently aware of Ulibarri's drinking problem to be able to classify him as an alcoholic. The fact that Ulibarri drove a truck for Goodwill even after he was rehired is further indication that his re-employment was more from necessity for his services for the benefit of Goodwill than as a part of a rehabilitative program for a chronic alcoholic. Nor is there any evidence in the record which would define the words "handicapped workers" as used in the exemption statutes in such a manner as to unmistakably include Ulibarri.

In seeking to subject Goodwill to minimum wage standards in this particular case, the Commissioner cites the humanitarian purposes of such legislation, while Goodwill counters with the humanitarian aspects of its own charitable and non-profit endeavors. However, case law in this area is well established and exemptions from minimum wage requirements are to be strictly and narrowly construed. A. H. Phillips, Inc. v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095 (1945); Shultz v. Circulation Sales, Inc., 301 F.Supp. 937 (Ed.Mo.1969). Once the Commissioner established that services were performed by Ulibarri for which he did not receive the compensation required by § 59-3-22 of the Minimum Wage Act,

supra, the burden shifted to Goodwill to present sufficient evidence to negate the reasonableness of inferences to be drawn from the plaintiff's case. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); Foster v. Irwin, 258 F.Supp. 709 (E.D.La.1966).

We hold that there was substantial evidence to support the trial court's ruling that an employer-employee relationship existed between Goodwill and Ulibarri during the disputed period.

The second point of contention concerns the application of § 59-3-22.1, supra, which permits employers to obtain a certificate of exemption from the minimum wage requirements for certain employees. No such certificate was obtained by Goodwill pertaining to Ulibarri, and the Commissioner asserted and the trial court held, that, absent such certificate, Goodwill was required to pay Ulibarri the applicable minimum wage. We agree. The Minimum Wage Act, supra, is susceptible of no other construction. Goodwill maintains that because the Commissioner failed to promulgate regulations providing the procedures for obtaining such certificates of exemption, it was not required by law to make any inquiry concerning such a certificate or any effort to obtain such certificate. We disagree. The burden of proof in establishing an exemption from minimum wage laws is on the person claiming such an exemption, and Goodwill failed to produce any evidence that it sought to obtain such a certificate, or even that it made any inquiry to the Commissioner with regard to Ulibarri's employment. See Tripple "AAA" Company v. Wirtz, 378 F.2d 884 (10th Cir. 1967); Wessling v. Carroll Gas Co., 266 F.Supp. 795 (N.D.Iowa 1967).

The judgment of the trial court must be affirmed.

It is so ordered.

TACKETT and McKENNA, JJ., concur.