490 P.2d 965

**BOISE CITY FARMERS COOPERATIVE,**
Plaintiff-Appellee,

v.

**A. W. LAYTON, Defendant-Appellant.**
No. 9300.

Supreme Court of New Mexico.
Nov. 15, 1971.

Eugene E. Brockman, Tucumcari, for appellant.

Krehbiel & Alsup, Clayton, for appellee.

## OPINION

MONTOYA, Justice.

Plaintiff-appellee Boise City Farmers Cooperative, an Oklahoma corporation, brought this action in the District Court of Union County, New Mexico, against defendant-appellant A. W. Layton, a New Mexico resident, to recover on certain accounts allegedly owed by defendant. After a trial to the court, judgment was rendered for plaintiff. Defendant brings this appeal from that decision.

Plaintiff's suit was based upon two separate accounts, one in the name of A. W. Layton and the other in the names of Layton and Tapp. Robert Tapp, who was on the second account, had left the jurisdiction and his whereabouts was unknown. The major question facing the trial court was whether defendant was liable for the full amount of the account in the names of Layton and Tapp.

The trial court found that, prior to March 1965, plaintiff opened an account in the names of Layton and Tapp at the direction of Robert Tapp. During the same period, defendant maintained another account in the name of A. W. Layton. At various times over the next two years, employees of defendant purchased livestock feeds and related items and designated to officers or employees of plaintiff whether to charge the items to the account of A. W. Layton or to the Layton and Tapp account. The court found that defendant knew of both accounts; that statements on both accounts were regularly mailed to plaintiff by defendant; and that defendant never raised any question or complaint as to the manner in which such accounts were charged. The court also found that, during this period, defendant and Tapp were running cattle "in association" near Boise City, Oklahoma.

On the basis of these findings, the trial court awarded plaintiff the balance due on both accounts, plus interest, attorney's fees and certain court costs.

Defendant seeks reversal of the court's decision on grounds that the findings of fact do not support the conclusions of law made by the court.

Defendant also contends that, there being no co-ownership of any property as between Tapp and himself, he cannot be held liable for Tapp's indebtedness unless there is a partnership by estoppel.

It is unnecessary for this court to consider whether there was a so-called partnership by estoppel. The record indicates there is ample support for the trial court's conclusion that defendant was liable on both accounts. The record reveals that it was defendant's employees who designated to which account various purchases should be credited. No attempt was made by defendant to deny liability on the Layton and Tapp account for a period of approximately two years, during which time the account was active. In addition, there is ample evidence that the items purchased on the Layton and Tapp account were used to feed the cattle belonging to defendant and Tapp. By defendant's own admission, the cattle of Layton and Tapp were run together:

"* * * we [Layton and Tapp] was in together on some trades, together. Partners, dealing in cattle. But, these cattle that we run was a partnership, that we kept and run."

While it appears that defendant and Tapp were not engaged in a formal partnership, the record shows that they were running cattle in association with each other, and that supplies purchased on the account of Layton and Tapp by defendant's employees were used for the benefit of these cattle. Therefore, the conclusion that defendant was liable has ample support in the record and defendant's contention is without merit.

Defendant further contends that there is no evidence to support the trial court's findings that the sale of feed was to de-

**250**

fendant and Tapp; that defendant and Tapp were in association; and that defendant knew of the Layton and Tapp account.

This court has repeatedly held that if the findings of fact are supported by the evidence, they will not be disturbed on appeal. Jones v. Anderson, 81 N.M. 423, 467 P.2d 995 (1970).

A review of the evidence adduced at trial shows that there is evidence upon which the trial court could have made the challenged findings. The testimony of defendant himself, supra, tends to show that he and Tapp were running cattle in association. Plaintiff's employee testified that monthly statements of both the A. W. Layton and the Layton and Tapp accounts were sent to defendant, and that he knew of the Layton and Tapp account. Finally, there was evidence that the feeds purchased on the Layton and Tapp account were used to feed the cattle belonging to the defendant and Tapp. There is ample evidence to support the trial court's findings.

The decision of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and OMAN, J., concur.