492 P.2d 1301

**BUDDY TAYLOR AND ARTHUR TAYLOR, a common law partnership, and George Bradford, Plaintiffs-Appellants,**

v.

**Marie Neer CAMPBELL, Executrix of the Last Will and Testament of John W. Campbell, deceased, Defendant-Appellee.**

**No. 700.**

Court of Appeals of New Mexico.

Nov. 19, 1971.

Rehearing Denied Dec. 22, 1971.

Certiorari Denied Jan. 18, 1972.

Warren F. Reynolds, Easley & Reynolds, Hobbs, for plaintiffs-appellants.

Robert W. Ward, Lovington, for defendant-appellee.

OPINION

SUTIN, Judge.

Plaintiffs sued defendant to recover damages for loss of property by wrongful act. The case was tried to the court, and judgment entered for defendant. Plaintiffs appeal.

We affirm.

The trial court made the following findings of fact and conclusions of law:

Campbell, deceased, died testate on June 23, 1966. Prior to his death, Campbell was the president, manager and director of Campbell Grain & Milling Company, Inc., a New Mexico corporation.

On September 27, 1965 and October 23, 1965, the corporation issued to plaintiff Bradford and plaintiffs Taylor, respectively, original negotiable warehouse receipts for grain purchased from the corporation by these plaintiffs.

Between January 1, 1966 and September, 1966, the corporation made deliveries of part of the goods upon request of plaintiffs. In September, 1966, more than two months after Campbell's death, plaintiffs requested the corporation to deliver the balance of the goods represented by the warehouse receipts, and the request was not honored because the corporation did not have the grain. During Campbell's life, every demand on the corporation by plaintiffs for grain represented by plaintiffs' warehouse receipts was promptly honored. Plaintiffs failed to prove that if Campbell continued to live and a demand for grain had been made on the corporation during Campbell's lifetime, the demand would not have been honored.

Through the years, Campbell, either as an individual or as manager of the corporation, encountered financial difficulty and always found solutions. Plaintiffs failed to prove that during Campbell's lifetime the corporation was in grave financial difficulty and was unable to pay its debts as they matured, and they failed to prove any fraud or deceit by Campbell. Except for the proof of their money loss and the issuance of the warehouse receipts, plaintiffs failed to prove any of the material allegations contained in the several counts.

On November 1, 1966, the corporation was adjudged bankrupt. Plaintiffs filed claims and recovered less than one-third of their respective claims.

The trial court concluded Campbell was not guilty of fraud, deceit or conversion; that the plaintiffs' action, as ultimately presented, did not survive Campbell's death and judgment should be entered for defendant.

Plaintiffs challenged the trial court's findings and claimed error in the refusal and failure of the court to make plaintiffs' requested findings.

Plaintiffs contend, (1) the evidence was clear and convincing that Campbell was guilty of fraud; (2) plaintiffs' causes of action for fraud and conversion survived Campbell's death; and (3) there is substantial evidence that the corporation by Campbell converted part of plaintiffs' grain.

This lawsuit is a continuation of Taylor v. Alston, 79 N.M. 643, 447 P.2d 523 (Ct. App.1968), where summary judgment in favor of Campbell, deceased, was reversed, not because there was an actionable wrong on the part of Campbell, but because a genuine, material issue of fact was present.

We are not a trial court. We again remind appellants that our duties are to construe the findings most strongly in support of the judgment. If the findings have substantial support in the evidence, the facts found by the trial court are the facts upon which the case rests in this court. Witt v. Marcum Drilling Company, 73 N.M. 466, 389 P.2d 403 (1964). We must view the evidence and all reasonable inferences therefrom in their most favorable light in support of the findings. All contrary evidence and inferences must be disregarded, Rutledge v. Johnson, 81 N.M. 217, 465 P.2d 274 (1970), because the trial court weighs the evidence, not this court. Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970); Jones v. Anderson, 81 N.M. 423, 467 P.2d 995 (1970).

We must be convinced that the findings cannot be sustained by substantial evidence or inferences therefrom. Hoskins v. Albuquerque Bus Company, 72 N.M. 217, 382 P.2d 700 (1963).

We have carefully reviewed the record and conclude that there is evidence which substantially supports the material findings of the trial court. It would serve no useful purpose to detail the evidence. Witt v. Marcum Drilling Company, supra.

■ On the issue of fraud, plaintiffs had the burden of proof. Each one admits that prior to Campbell's death on June 23, 1966, and thereafter, until September of 1966, every demand for grain was honored. The corporation never defaulted on its obligation because Campbell would go out and raise the money. In plaintiffs' opinion, each agreed without any doubt or question that had Campbell lived, they would have gotten their grain. They always had. Prior to his death, plaintiffs had no idea or notice that there was any danger of not getting their grain as represented by the warehouse receipts.

■ There is no strong, clear and convincing evidence that between 1965, when the warehouse receipts were purchased, and September, 1966, when demand was made for grain, that Campbell misrepresented any fact with intent to deceive upon which misrepresentation plaintiffs relied. Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962); Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967). To prove fraud, more than a preponderance of evidence is required. "Evidence is not substantial in support of a finding of fraud unless it is clear, strong and convincing." McLean v. Paddock, 78 N.M. 234, 430 P.2d 392 (1967). On the evidence presented, the trial court could properly find that fraud was not proven.

On the issue of conversion, the definition is stated in Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App.1967), as follows:

Conversion is the wrongful possession of, or the exercise of dominion over, a chattel to the exclusion or in defiance of the owner's right thereto; or an unauthorized and injurious use thereof; or the wrongful detention after demand therefor by the owner.

Plaintiffs contend that Campbell participated in the corporation converting part of plaintiffs' grain.

All the warehouse receipts issued by the corporation provided that the corporation was "not the owner of the grain covered by this receipt either wholly, jointly or in common with others unless otherwise stated hereon. Upon return of this receipt . . . the said grain or grain of the same or better grade and quality will be delivered to the above named depositor or his order." The plaintiffs each certified that on the date stated on the receipt, he was the owner of the grain.

■ Under this receipt, the corporation had no duty to purchase grain for plaintiffs and keep this grain isolated in its warehouse until plaintiffs requested a delivery. Upon return of the receipt, its duty was to deliver grain of the same or better grade and quality. When plaintiffs requested delivery in September, 1966, after Campbell's death, the corporation failed to deliver because the corporation did not have the grain. The evidence supports the finding that plaintiffs failed to prove a conversion as defined in Taylor v. McBee, supra, during Campbell's lifetime. Campbell did not participate in any alleged conversion by the corporation which may have occurred long after his death. Since the trial court could properly find, from the evidence, that there was no conversion, we do not consider the arguments concerning the warehouseman statutes and whether a demand was a condition precedent to liability.

It is not necessary to determine whether actions for fraud and conversion survived Campbell's death.

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.