This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38604

**KATHRYN D'ANTONIO,**

Plaintiff-Appellant,

v.

**DOLLAHON PROPERTIES, LLC;**
**HILLTOP HOUSE PROPERTIES, LLC;**
**and GARY DOLLAHON,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Kea W. Riggs, District Judge**

Ragsdale Law Firm
Luke W. Ragsdale
Kay C. Jenkins
Roswell, NM

for Appellant

Cusack, Jaramillo & Associates, P.C.
Timothy J. Cusack
Roswell, NM

for Appellees

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** This appeal arises from the district court's decision, following a bench trial, in favor of Dollahon Properties, LLC; Hilltop House Properties, LLC; and Gary Dollahon (collectively, Landlords) and against Kathryn D'Antonio (Tenant), rejecting Tenant's claims of negligence and violation of the New Mexico Owner-Resident Relations Act, NMSA 1978, § 47-8-20 (1999) (obligations of owner). Tenant argues in this appeal that

the district court's findings of fact are not supported by substantial evidence, and therefore, its conclusions of law are erroneous. We conclude that the district court's findings of fact are supported by substantial evidence and affirm.

## BACKGROUND

**{2}** This nonprecedential memorandum opinion is issued solely for the benefit of the parties. Because the parties are familiar with the facts and procedural history of the case, we limit our discussion to those matters necessary for resolution of the issues presented by this appeal.

## DISCUSSION

### I. Preservation

**{3}** As an initial matter, we address Landlords' argument that Tenant failed to preserve her challenge on appeal to the sufficiency of the evidence in the record. Landlords argue that Tenant waived her substantial evidence argument because she failed to challenge the findings of fact or conclusions of law under Rule 1-052(D) NMRA. We disagree.

**{4}** A challenge to the sufficiency of the evidence is preserved by a request for findings of fact following a bench trial in the district court and the submission of proposed findings to the district court, or by any other method of calling the error to the attention of the court. *See Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 32, 400 P.3d 290. "[A] party that fails to request or timely submit findings of fact and conclusions of law or otherwise call the district court's attention to a problem with the sufficiency of the evidence waives the right to appellate review." *Id.* ¶ 47 (text only) (citation omitted). Because Tenant timely submitted proposed findings of fact and conclusions of law, her challenge to the sufficiency of the evidence was preserved for appeal. Having established that this Court can review the claims of Tenant on appeal, we now turn to whether substantial evidence supported the district court's findings of fact.

### II. Substantial Evidence Supported the District Court's Findings of Fact

**{5}** Tenant argues that twenty of the district court's findings are not supported by substantial evidence. We are unpersuaded. Because this appeal arises from a bench trial, "the judgment [of the court] must be supported by findings [of fact], which in turn must be supported by substantial evidence." *First W. Sav. & Loan Ass'n v. Home Sav. & Loan Ass'n*, 1972-NMCA-083, ¶ 10, 84 N.M. 72, 499 P.2d 694 (internal quotation marks and citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Clovis Nat'l Bank v. Harmon*, 1984-NMSC-119, ¶ 7, 102 N.M. 166, 692 P.2d 1315 (internal quotation marks and citation omitted).

**{6}** The evidence tendered by the unsuccessful party at trial is not the central focus of our review; we view the evidence in the light most favorable to support the findings of the district court and do not consider evidence adverse to those findings. *See Duke City Lumber Co. v. N.M. Env't Improvement Bd.*, 1984-NMSC-042, ¶ 12, 101 N.M. 291, 681 P.2d 717 (stating that "in deciding whether the finding has substantial support, the court must view [the] evidence in the light most favorable to support the findings, and any evidence unfavorable to the finding will not be considered" (citing *Trujillo v. Romero*, 1971-NMSC-020, ¶ 8, 82 N.M. 301, 481 P.2d 89)). "[W]e resolve all disputed facts in favor of the successful party, indulge all reasonable inferences in support of a verdict, and disregard all evidence and inferences to the contrary." *Clovis Nat'l Bank*, 1984-NMSC-119, ¶ 7 (noting that we do not reweigh the evidence).

**{7}** On appeal, the party challenging the district court's findings must discuss more than just the evidence that supports their position. *See* Rule 12-318(A)(3) NMRA; *see also State ex rel. Foy v. Vanderbilt Cap. Advisors, LLC*, ___-NMCA-___, ¶ 28, ___ P.3d ___ (No. A-1-CA-36925, June 9, 2020) (stating that this Court may refuse to address issues "subject to the substantial evidence standard of review" when the party raising the issues "discusses only those aspects which tend to support its position"). Although, in this case, Tenant's statement of proceedings, on most issues, describes both the evidence supporting her position and that opposing it, the argument section of her brief in chief fails to analyze that evidence to explain why it is inadequate to support the findings she challenges. Instead Tenant discusses only the evidence supporting her position and argues that we should find her evidence more persuasive than the evidence supporting the district court's findings. Because our review on appeal requires us to determine whether substantial evidence supports the findings of the district court, the evidence supporting the opposite result is generally not relevant to our analysis. *Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 ("The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached."); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that contrary evidence supporting a different result does not provide a basis for reversal because the fact-finder is free to reject that version of the facts). Tenant's brief thus leaves us without a developed argument to review. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a] part[y's] arguments might be").

**{8}** Consequently, we now address only those arguments that properly challenge the sufficiency of the evidence supporting the finding, rather than simply pointing to conflicting evidence favorable to Tenant.

**{9}** Tenant alleged that Landlords violated Section 47-8-20 and acted negligently by failing to provide Tenant with a safe place to live. Tenant testified in support of her claims. She also provided testimony from Gary O'Leary, a certified mold inspector, and Dr. Scott McMahon, a specialist in Chronic Inflammatory Response Syndrome (CIRS). Landlord Gary Dollahon testified as well.

**{10}** We review first Tenant's challenge to finding of fact (FOF) 56, which states that "[d]espite the lack of qualification or established foundation . . . [purported expert witness] O'Leary did not hesitate to offer a lay opinion about any matter asked." Tenant argues that Landlords never objected to this testimony and that his stipulated expertise made him qualified to testify as an expert in mold and mold remediation. While this may be true, this challenge falls short because the finder of fact may disregard expert opinions, finding them not credible or not helpful, even if those opinions are uncontradicted. *Sanchez v. Molycorp, Inc.*, 1985-NMCA-067, ¶ 21, 103 N.M. 148, 703 P.2d 925 (stating that "the opinions of an expert even where uncontradicted, are not conclusive on facts in issue and the fact[-]finder may reject such opinion in whole or in part").

**{11}** Next, Tenant challenges FOF 58, wherein the district court found that O'Leary's testimony lacked credibility. The district court, acting as the fact-finder in this bench trial, is to "determine the credibility of witnesses . . . and decide the true facts." *Id.* To support her contention, Tenant, quoting *Kirkpatrick v. Introspect Healthcare Corp.*, 1992-NMSC-070, ¶ 14, 114 N.M. 706, 845 P.2d 800, argues that this Court is "in as good a position as the trial court to interpret the evidence" since the "resolution . . . depends upon the interpretation of documentary evidence." Tenant's reliance on *Kirkpatrick* is misplaced. *Kirkpatrick* is not helpful here because that case dealt with interpretation of a written contract, and not an opinion of an expert witness who testified at trial. "On appeal we neither weigh conflicts in the evidence nor determine credibility of witnesses. The function of an appellate court is to view the evidence in a light most favorable to support the findings and conclusions of the trial court." *Albuquerque Nat'l Bank v. Albuquerque Ranch Ests., Inc.*, 1982-NMSC-142, ¶ 56, 99 N.M. 95, 654 P.2d 548 (citation omitted). Moreover, "[a]s a reviewing court we do not sit as a trier of fact; the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. Thus, we will not disturb the district court's finding that O'Leary's testimony lacked credibility.

**{12}** Finally, Tenant challenges the adequacy of the district court's findings of fact supporting the district court's conclusion of law that Landlords did not breach their duties under Section 47-8-20 and were not negligent as a matter of tort law. The district court found that "[u]nder the circumstances, [Landlords] acted as a reasonably prudent manager of [Hiltop House Properties, LLC] at all times herein to maintain the property in a manner safe for [Hiltop House Properties, LLC] to prevent injury to [Tenant]." The district court based this finding on evidence in the record that showed that no mold was identified in the air of Tenant's apartment; that Landlords' refusal to clean the ductwork at Tenant's request was reasonable; as shown by expert testimony, that mold does not live in ductwork; that Tenant, without permission, went into a furnace closet repeatedly where mold was later found; that Tenant did not inform Landlords of the mold in that closet or that she was entering it; that Landlords moved Tenant out of her apartment and then remediated the mold in the closet when O'Leary reported the presence of mold to Mr. Dollahon. Our review of the trial record shows that each of these findings was supported by substantial evidence and that none have been successfully challenged on appeal by Tenant. We therefore conclude that substantial evidence exists for the district

court to find that Landlords acted reasonably and prudently and were neither negligent, nor did they violate the statutory duty of care to Tenant under Section 47-8-20. Therefore, we will not disturb the district court's verdict.

**CONCLUSION**

**{13}** For the reasons stated above, we affirm.

**{14}   IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**